(55 Misc. Rep. 530)

## BENJAMIN v. WHITE.

(City Court of New York, Special Term. April, 1907.)

PLEADING—MOTIONS—STRIKING OUT DENIALS FROM SPECIAL DEFENSE.

    From the paragraph of the answer in an action for rent, claimed by plaintiff as successor to the interest of L., defendant's lessor, pleading the defense of payment to L. prior to notice that plaintiff had succeeded to the interest of L., the denial of the allegation of the complaint, that plaintiff had succeeded to the interest of the lessor will .be struck out, it being immaterial to the defense, and it being prejudicial to plaintiff, as on demurrer he would have to admit that, when he demanded the rent of defendant, he had not acquired the right thereto, but the allegation in such paragraph of the answer denying that plaintiff on or about a certain day or at any time prior to a later day plaintiff directed defendant to pay any rent to plaintiff, being well pleaded and not prejudicial to plaintiff, will not be struck out.

Action by William E. Benjamin against William J. White. Plaintiff moves to strike denials from a paragraph of the answer. Motion granted in part.

Ferdinand I. Haber, for plaintiff.

Tisor & Goddard, for defendant.

WADHAMS, J. . Plaintiff's complaint, in brief, alleges that he is lessee of No. 22 West Thirty-Third street, New York City; that he assigned to one Lyon all rents due and to become due on leases existing or thereafter made upon the premises, and authorized him to make leases in his own name, Lyon to pay rent every month on the entire premises, and upon his default the agreement, at the plaintiff's option, to be void; that Lyon sublet to defendant, and defendant's lease was delivered by Lyon to one Benedict to be held in escrow and to be delivered to plaintiff in case Lyon failed to pay rent to the plaintiff. The eighth paragraph of the complaint alleges that Lyon did not pay rent due June 1st, and thereupon plaintiff declared his agreement with Lyon void and directed defendant to pay future rents to plaintiff. The complaint further sets forth that Benedict delivered to plaintiff the lease made by defendant with Lyon; that on July 1st rent became due by defendant to plaintiff, which defendant refused after demand to pay. The defendant pleads in effect a general denial, and in the third paragraph specifically denies the allegations contained in paragraph eight of the complaint, adding:

"And defendant denies that on or about the 12th day of June, 1906, or at any time prior to the first day of August, 1906, the plaintiff directed the defendant to pay any rents to the plaintiff."

The defendant further pleads a separate defense, beginning, "repeating each and every of the allegations and denials in the paragraph numbered III hereinbefore contained as if the same were here set forth at length," that prior to the 12th day of June, 1906, and prior to the alleged declaration by plaintiff that his agreement with Lyon was void, and long prior to any notification .to make payment of rents to plaintiff, defendant duly paid Lyon the July rent. Motion is made to strike out the opening paragraph of the separate defense above quoted, re-

peating, and incorporating the denials in the third paragraph of the answer. It is well established that a general denial may not be pleaded by iteration or otherwise in a separate defense which is a plea by confession and avoidance. This does not mean that a specific allegation of the complaint may not be denied in a separate answer either directly or by repeating a preceding paragraph of the answer where such denial is necessary to make the separate defense complete. A general denial and the denial of a specific allegation are not the same, for the cause of action as alleged may well be admitted, but, in order to successfully avoid the liability, it is often necessary to deny some specific allegation of the complaint in the separate defense set up. The tests upon this motion to strike out are: First. Is the matter repeated necessary to the defense pleaded? And, second. If it is not, is it prejudicial to the plaintiff? The defense pleaded is payment by the subtenant to Lyon, his lessor, prior to notice by plaintiff that he had succeeded to Lyon's interest in the lease. The defense being payment prior to notice, a denial of the allegation that plaintiff had succeeded to the reversion of defendant's lease is clearly immaterial. It is not the denial of specific fact necessary to render the defense available. On the other hand, such denial is prejudicial to the plaintiff. Upon demurrer he would be obliged to admit that at the time of the demand he had not acquired the right to the rent in question. The motion to strike out the repetition of the third paragraph of the answer is granted in so far as it incorporates the denial of the allegations of paragraph 8 of the complaint. The motion is denied in so far as such repetition incorporates the allegation "and defendant denies that on or about the 12th day of June, 1906, or at any time prior to the first day of August, 1906, the plaintiff directed the defendant to pay any rents to the plaintiff," as such denial is well pleaded and, moreover, is not prejudicial to the plaintiff.

Settle order on notice.